IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **KEYPOINT GOVERNMENT SOLUTIONS, INC.** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) No. 1:17-cv-00899-LO-TCB <br> ) <br> **MICHAEL C. MCGINN,** ) <br> ) <br> Defendant. ) | |

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on the parties' Plaintiff KeyPoint Government Solutions, Inc.'s ("KeyPoint" and "Plaintiff"), Motion for a Temporary Restraining Order against Defendant Daniel McGinn (Dkt. No. 4). The parties have also submitted a consent motion and a proposed order that sets forth the specifics of the requested injunctive relief. Having considered the Motions, the Verified Complaint, the factors for issuing injunctive relief, and the parties' related consent motion (Dkt. No. 14), the Court hereby enters a Temporary Restraining Order with the terms set forth below.

It is **ORDERED** that Defendant McGinn ("McGinn" and "Defendant"), and any third party with whom Defendant has disclosed or shared Plaintiff's or its clients' information, **SHALL:**

1. Preserve and protect in their present state from destruction, modification, or alteration all information, data, and documents relating to KeyPoint and its clients in any form (including any information and data stored on any computers, electronic devices servers, mobile devices, web-based e-mail accounts, or cloud storage websites over which McGinn has possession, custody, or control), including, as well, the preservation and protection of all emails, text messages, or other communication in any account and in any form to which he has access and

can control, and any information, documents, or data that may be relevant or discoverable in this case; and

2. Immediately, and no later than 72 hours of this Order, return to KeyPoint through counsel any non-electronic records (i.e. hard copies) of any KeyPoint information and/or KeyPoint client information obtained from KeyPoint, obtained during, through, or based upon his employment at KeyPoint, and/or provided to him by any employee or former

3. Defendant McGinn shall also abide by the following protocol for the identification and return of any KeyPoint information or KeyPoint client information in his possession, custody, or control:

   a. McGinn shall immediately, and no later than 48 hours after entry of this Order, identify for KeyPoint and its counsel, and engage and deliver to or otherwise provide access to an agreed-upon third party computer forensic firm, all personal devices (including but not limited to any computers, servers, electronic storage devices, and mobile devices) McGinn may have used to communicate with any KeyPoint personnel; that he may have used to access KeyPoint information; that he may have used during his employment at KeyPoint to access any KeyPoint information or KeyPoint client information; that he may have used during his employment at Securitas Critical Infrastructure Services, Inc. to access the work computer(s) to which the KeyPoint information was allegedly copied as referenced in the Complaint in this matter; and/or that otherwise may contain or may have contained any KeyPoint information or KeyPoint client information (regardless of whether McGinn believes the information is confidential), either by way of his previous employment with KeyPoint or otherwise;

   b. Within 48 hours of McGinn identifying the personal devices as provided above, KeyPoint shall identify and provide to the agreed-upon third party computer forensic firm, copying counsel for McGinn, the file names contained on the thumb drive described in Paragraph 38 of the Complaint (subject to any necessary confidentiality obligations or procedures with respect to the file names), to assist with the identification of any KeyPoint information or KeyPoint client information on McGinn's personal devices as identified in Paragraph 3(a) above; and

   c. Thereafter, the agreed-upon third party vendor that McGinn engaged shall first make a true forensic image of all devices identified in Paragraph 3(a). The third party vendor shall maintain the true forensic images until further Order of this Court. The third party vendor shall then conduct a forensic review of McGinn's personal devices identified in Paragraph 3(a) above, searching for the file names provided by KeyPoint pursuant to Paragraph 3(b) above. McGinn shall then provide KeyPoint, through counsel, with a

copy of a forensics report identifying whether any of the file names provided by KeyPoint pursuant to Paragraph 3(b) above are contained on any of McGinn's personal devices identified Paragraph 3(a) above. In addition to providing whether the file names are contained on any of the personal devices, the report will also specifically identify which specific file names provided by KeyPoint pursuant to Paragraph 3(b) above are contained on which specific personal devices, if any. This forensics report shall be provided to KeyPoint's counsel within fourteen (14) days after McGinn, though counsel, is copied on and receives the file names provided by KeyPoint pursuant to Paragraph 3(b) above. In the event the forensics report demonstrates that any of the file names contained on the thumb drive described in Paragraph 38 of the Complaint reside on any of the personal devices identified in Paragraph 3(a) above, an additional search of the devices shall be completed within fourteen days by the third party vendor using search terms mutually agreed upon by the parties that are consistent with the allegations in the pending Complaint. KeyPoint may conduct discovery relating to the third party vendor, including the forensic process used by the third party vendor, and the results of any searches conducted by the vendor. The parties further agree that nothing herein waives or limits their respective rights to seek discovery pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court.

**IT IS FURTHER ORDERED** that, to the extent McGinn possesses any of KeyPoint's confidential information or trade secrets, McGinn **SHALL NOT** use or disclose to any third party, including his current employer, any such material.

In addition, pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff **SHALL POST** a security of $5,000 in the form of a cash bond deposited in the Registry of the Court. Alternatively, Plaintiff may post the bond in the form of an acceptable surety, provided that surety comports with the Local Rules of this Court and the Federal Rules of Civil Procedure. Plaintiff must file this bond or surety no later than August 25, 2017.

The Clerk is **DIRECTED** to set this matter for a preliminary injunction hearing on September 1, 2017 at 10:00 a.m.

This **ORDER** shall be promptly filed in the Clerk's office and entered in the record. Its provisions shall go into effect at 4:00 p.m. on August 18, 2017. It shall continue in full force and effect until the Preliminary Injunction Hearing on September 1, 2017.

**IT IS SO ORDERED.**

August 18, 2017
Alexandria, Virginia

Liam O'Grady
United States District Judge